BIRD v. UNITED STATES. See Case No. 1,428.

BIRD, (UNITED STATES v.) See Case No. 14,597.

BIRDE, In re. See Case No. 1,428.

---

# Case No. 1,431.
## The BIRDIE.
### [3 Ben. 273.] [1]

District Court, S. D. New York. June, 1869.[2]

#### SALVAGE—CORPORATION—CONCEALMENT.

1. Where a brig was driven ashore, on the south side of Long Island, and the officers of a corporation in New York city, incorporated for wrecking purposes, heard of the fact, but concealed their knowledge of it, and, not having at hand any tug of their own, chartered another tug, at $12 per hour, without telling her owners

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Modified in Case No. 1,432.]

the service for which she was required, and sent their agents on her to the brig, and they were unable to get her off by the means which they then had, and had to send for another tug belonging to the corporation, and, after her arrival, got the brig off, and brought her to New York, and libels were filed, both by the corporation and by the owners of the chartered tug, to recover salvage: *Held*, that the corporation should be awarded compensation for the use of their own tug at the rate of $15 an hour, and that the owners of the chartered tug should be awarded compensation at the rate of $12 an hour.

2. That the conduct of the superintendent of the company, in concealing the fact of the brig's being ashore, was to be reprehended.

In admiralty. These were two libels for salvage, one filed by the Coast Wrecking Company, a corporation incorporated for wrecking purposes, and one filed by John Clough and others, owners of the steam-tug William Fletcher, against the brig Birdie and her cargo. The libel of the Coast Wrecking Company alleged, that, on the 3d of March, 1868, the brig Birdie, which, with her cargo of flour, was worth about $30,000, went ashore on the south side of Long Island; and that the company, hearing of the wreck, dispatched two steam-tugs to her, on the 4th of March, which reached her about 9 P. M. of that day, finding her deserted, and got her off about 9 o'clock the next morning, and brought her to New York, for which service the libel prayed compensation. The libel of the owners of the Fletcher set up substantially the same facts. The answer of the owners of the brig and her cargo averred, that the brig was driven ashore by the ice, and her master left her, on March 4th, to get assistance, returning to her that night; that, while he was away, the officers and crew left her temporarily, on account of the intense cold, and had not deserted her; that the Coast Wrecking Company knew, on the morning of March 4th, that the brig was aground, but concealed the fact from others engaged in the business, in the hope of making more profitable arrangements for getting her off, and employed the Fletcher, without disclosing to her owners the object for which she was wanted; that such owners had other and better means of getting vessels off, which they would have dispatched to the assistance of the brig, if they had known her situation; and that, but for such concealment, the brig would have been got off before she was.

C. A. Hand, for Coast Wrecking Co.

Beebe, Donohue & Cooke, for Clough and others.

G. M. Speir, for claimants.

BLATCHFORD, District Judge. I award to the Coast Wrecking Company, for the services of their steamer, the Relief, in towing the brig from off the place where she grounded and to New York, the sum of $240, being $15 per hour for the sixteen hours during which she was employed in the service, from five o'clock in the afternoon of one day, until nine o'clock in the morning of the next day. I cannot forbear, however, remarking upon the very reprehensible conduct of the superintendent of the libellants, in obtaining information that the brig was ashore, and studiously concealing it from all persons, so as to endeavor to make it impossible for any but the libellants to render her any assistance. His motive in doing so is shown in the fact that, on his way down to the brig, he told the captain of the hired tug, which was conveying him, that he was afraid that the captain of the brig had come to the city after the rival company, the Atlantic Submarine Wrecking Company, and that he wanted to reach the brig first. When he reached the brig, he found that it required two tugs, instead of one, to pull her off, and he was obliged then to go after the libellants' tug, and thereby lost six hours of time. It is in evidence that other adequate tugs might have been procured in the city, to go to the relief of the brig, if it had been known that the brig was ashore. The libellants and their superintendent, and they alone, so far as appears, knew the fact, and they studiously concealed it, with the view, as it would seem, not that the vessel should be promptly relieved, but that she should not be relieved unless they relieved her. And this they did, when they had no tug of their own in the city, and none, so far as appears, nearer than Fire Island, forty miles outside of Sandy Hook, and fifteen miles beyond where the brig was, and when they were obliged to hire a tug to carry their superintendent to the brig, and when their services were volunteered and not solicited, they having obtained their information by means of a telegraph of their own from the coast. In view of all these facts, I have had serious doubts whether I ought not to dismiss the libel; but, as the case is one of work and labor, it must be paid for at the proper rate. That rate is, I think, on the evidence, $15 per hour. There was no risk or exposure, or hazard to life or property, beyond what occurs in an ordinary towage service. As the libellants claim no particular sum in their libel, and as the answer denies that any thing ought to be paid, I cannot withhold costs from the libellants.

Let decrees be entered in favor of the Coast Wrecking Company, for $240, with costs; and in favor of Clough and others, for $288, (being at the rate of $12 an hour for the twenty-four hours during which their tug was employed in rendering service to the brig,) with costs.